UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

GERALD R. LUDWICK,

            Debtor.

_____/

MORASCH MEATS, INC.,

            Plaintiff,

v.

GERALD R. LUDWICK,

            Defendant.

_____/

Case No. DK 18-02714
Hon. Scott W. Dales
Chapter 7

Adversary Pro. No. 18-80137

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                Chief United States Bankruptcy Judge

Through this adversary proceeding, Plaintiff Morasch Meats, Inc. (the "Plaintiff") seeks a judgment declaring its claim against Defendant Gerald R. Ludwick (the "Defendant") excepted from discharge under 11 U.S.C. § 523(a)(2) and (a)(6). After the close of discovery, the Plaintiff filed and served Plaintiff Morasch Meats, Inc.'s Motion for Partial Summary Judgment (ECF No. 44, the "Plaintiff's Motion"), and the Defendant filed a response (ECF No. 58). Shortly thereafter, he also filed Defendant's Motion for Partial Summary Judgment on Plaintiff's Claim Under 11 U.S.C.§ 523(a)(6), Count III (ECF No. 60, the "Defendant's Motion"). The Plaintiff filed its response to the Defendant's Motion. The court reviewed the motions and set the matters for hearing.

The hearing took place on August 19, 2019 in Grand Rapids, Michigan, and both parties appeared through counsel. At the conclusion of the hearing, the court took the matters under advisement. For the following reasons, the court will deny the Plaintiff's Motion, and grant the Defendant's Motion.

1.      The Plaintiff's Motion

Through its motion, the Plaintiff seeks an order piercing the corporate veil of two companies through which the Defendant conducted business prior to filing his bankruptcy petition. At the hearing, in response to the court's inquiries, both parties agreed that individual corporate actors (officers, managers, etc.) may be held liable in tort for their own misconduct committed in the course of conducting corporate business. *See First American Title Ins. Co. v. Gaskill (In re Gaskill)*, 480 B.R. 291, 300 (Bankr. W.D. Mich. 2012) (under Michigan law, a corporate officer or agent is personally liable for torts committed by him even though he was acting for the benefit of the corporation). Here, the Plaintiff is seeking to hold the Defendant liable directly for misrepresentations and fraudulent activity he allegedly undertook to induce the Plaintiff to purchase expensive food processing equipment from the Defendant's companies. Under such circumstances, it is neither necessary nor appropriate to pierce the corporate veil. *Dept. of Agriculture v. Appletree Marketing, L.L.C.*, 779 N.W.2d 237, 246-47 (Mich. 2010) (citations omitted). The Plaintiff does not hold a judgment against the Defendant's affiliates, despite extensive prepetition litigation in Oregon that the Defendant cut short by filing his voluntary chapter 7 petition here, nor is the Plaintiff seeking judgment in this proceeding against the affiliates. He is seeking relief directly against the Defendant.

When the court asked whether the proposed veil piercing is (in the parlance of summary judgment) "material" to the outcome of this adversary proceeding, Plaintiff's counsel suggested that in the absence of an order piercing the affiliates' corporate veils, misrepresentations by corporate agents might somehow escape sanction. The court does not agree. If, as the Plaintiff alleges, the Defendant effected a fraudulent scheme through the corporate instrumentality and used corporate agents in pursuit of his scheme, the court will have no compunction about visiting the consequences of their actions upon the Defendant. As artificial entities, corporations must act through agents and, as the Michigan Supreme Court observed, "[o]fficers of a corporation may be held individually liable when they personally cause their corporation to act unlawfully." *Appletree Marketing*, 779 N.W.2d at 247 ("piercing the corporate veil is not necessary to a determination of personal liability for intentional torts: regardless of the corporate form, officers remain personally liable for their intentional and criminal conduct"). The actions of corporate agents in pursuit of the alleged scheme will be relevant in considering whether the supposed fraudster is directly responsible for his own misdeeds.

Moreover, as the Defendant points out in response to the Plaintiff's Motion, piercing the corporate veil is an equitable remedy, not a separate cause of action. *Gallagher v. Persha*, 891 N.W.2d 505 (Mich. App. 2016); *Spartan Tube and Steel, Inc. v. Himmelspach (In re RCS Engineered Prod. Co.)*, 102 F.3d 223, 226 (6th Cir. 1996). The equitable remedy is designed to prevent a shareholder (or member in a limited liability company) from misusing the principle of limited liability when called upon to answer for the debts of his or her corporation. Here, the complaint alleges only claims against the Defendant directly, not derivatively.

Moreover, as an equitable remedy, veil piercing is generally not available where legal remedies are adequate. 1 Fletcher Cyc. Corp. § 41.25 (Sept. 2018 update). Here, the legal remedy

of liability in tort for fraud or other willful injury makes it unnecessary and unwise to resort to equitable remedies.

For these reasons, the court will deny the Plaintiff's Motion.

2.      The Defendant's Motion

Through his motion, the Defendant seeks an order dismissing the third count of the Plaintiff's complaint (under § 523(a)(6) for willful and malicious injury to person or property). The gravamen of the Plaintiff's complaint is obviously the Defendant's allegedly fraudulent scheme to induce the Plaintiff to part with money or property under false pretenses, namely that the Defendant duped the Plaintiff into parting with $1 million on the false pretense that the Defendant and his companies could deliver the food processing equipment as agreed, knowing they could not.

In response to the court's inquiry during the hearing about how the count under § 523(a)(6) differs from the count under § 523(a)(2), either in terms of proofs to be presented at trial or measure of damages or otherwise, Plaintiff's counsel could only offer a vague suggestion that unspecified nuances involving the Defendant's intent played a role in including the third count. After considering the record, and the argument during the hearing, the court perceives no basis for pursuing relief under § 523(a)(6) in this case, even conceding, as the court did during the hearing, the considerable overlap between the two grounds for excepting a debt from discharge in some circumstances. The court does not blame the Plaintiff for including the count at the outset of the bankruptcy litigation, but after the close of discovery, in response to the Defendant's Motion, the court requires more than a cloudy reference to nuances before allowing that aspect of the claim to

proceed to trial.  Of course, nothing in this order makes any ruling with respect to the presence or absence of the Defendant's fraudulent intent.

3. Conclusion and Order

The court appreciates the zealous advocacy from all the attorneys who participated in the hearing, but reminds them, as it did in chambers, that it is time to focus on trying the allegations of fraud on the merits.  The court, therefore, will schedule a final pretrial conference, to be conducted by telephone, after it rules on the Defendant's pending motion *in limine*.  In the meantime, the parties should focus on ways to streamline their trial presentations, including through pretrial stipulations if possible.

Finally, although counsel painted a bleak picture of the prospects for settlement, the court encourages the parties to continue negotiating towards a consensual resolution, one that will probably provide bilateral relief more "nuanced" than anything the court could offer after trial.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Plaintiff's Motion (ECF No. 44) is DENIED and the Defendant's Motion (ECF No. 60) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Nicole L. McMillan, Esq., Michelle Elise Vocht, Esq., Dayna J. Christian, Esq., and John T. Piggins, Esq.

END OF ORDER

**IT IS SO ORDERED.**

**Dated August 22, 2019**



Scott W. Dales
United States Bankruptcy Judge