UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

GERALD R. LUDWICK,

        Debtor.

Case No. DK 18-02714
Hon. Scott W. Dales
Chapter 7

_____/

MORASCH MEATS, INC.,

        Plaintiff,

Adversary Pro. No. 18-80137

v.

GERALD R. LUDWICK,

        Defendant.

_____/

## MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                    Chief United States Bankruptcy Judge

After the close of discovery, defendant Gerald R. Ludwick (the "Defendant" or "Mr. Ludwick") filed his motion in limine (the "Motion," ECF No. 70) through which he seeks an order disqualifying his adversary's expert witness, Jeffry L. VanElverdinghe (the "Proposed Expert"). Plaintiff Morasch Meats, Inc., filed its response to the Motion.

At a hearing regarding the parties' cross-motions for partial summary judgment, the parties agreed that the court should resolve the Motion on the papers submitted, without conducting an evidentiary hearing to consider the Proposed Expert's qualifications and related issues. For the following reasons, the court will deny the Motion.

The Motion calls upon the court to perform its role as gatekeeper, essentially to exclude evidence in the form of testimony and an expert report from the Proposed Expert that Mr. Ludwick

regards irrelevant and unreliable.  The Motion relies principally on the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny, and seeks to discredit the Proposed Expert based on, among other things, the nature of his discharge from military service thirty years ago, his supposed lack of relevant training, education, and experience, and the manner in which he approached his evaluation of the high-pressure processing ("HPP) machine at the center of the parties' original contract and, now, this dispute about the nature of Mr. Ludwick's debt to the Plaintiff.

Resolution of the Motion depends on the court's application of Fed. R. Evid. 702, which addresses expert opinion as in the following way:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In *Daubert*, the Supreme Court focused on the admissibility of scientific expert testimony, saying such testimony is admissible only if it is both relevant and reliable.  The high court held that the Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  *Daubert*, 509 U.S. at 597.  The Supreme Court also discussed certain specific factors, such as testing, peer review, error rates, and "acceptability" in the relevant scientific community, some or all of which

might prove helpful in determining the reliability of a particular scientific "theory or technique." *Id.* at 594.

The Supreme Court and others have elaborated on the *Daubert* analysis and the language of Rule 702, concluding that the rule "makes no relevant distinction between 'scientific' knowledge and 'technical' or 'other specialized' knowledge." *Kuhmo Tire Company, Ltd. v. Carmichael,* 526 U.S. 137, 147 (1999). Moreover, *Kuhmo Tire* teaches that the federal trial courts have broad discretion to determine whether to admit or exclude expert testimony and related evidence. *Id.* at 152.

The court has considered the exhibits attached to the Motion and the Plaintiff's response, especially the Declaration of Jeffry L. VanElverdinghe in Support of Plaintiff's Response to Defendant's Motion and Memorandum in Limine to Exclude Jeffrey [sic] L. VanElverdinghe From Testifying as an Expert Witness (ECF No. 82-1) and the accompanying expert report (ECF 82-2, the "Report"). The Proposed Expert is a professional engineer licensed in two states, holding a bachelor's degree but no advanced degrees. He has been employed in several industries, including the food processing industry. He has professional experience in mechanical and electrical engineering. He is admittedly not a medical expert or expert in food borne pathogens, but he has substantial experience in the food processing industry. According to his declaration, he owns and operates a food and beverage company that is subject to regulation and inspection by the Oregon Department of Agriculture, United States Department of Agriculture, and the federal Food and Drug Administration. According to his declaration, he is familiar with industry standards from his work in the food processing industry.

He has inspected and tested the HPP machine that Mr. Ludwick and his company delivered to the Plaintiff. His professional work has evidently given him experience with high-pressure

machinery. Although some of this experience is admittedly from outside the food processing industry, it is relevant experience nevertheless. He has relevant experience with the risks of high-pressure machinery, and the performance of welded and other metal used in high-pressure machinery (although he is not a metallurgist). The court does not regard the diversity of the Proposed Expert's experience as a detriment to his qualification as an expert and accepts the statement within his declaration that the relative novelty of the HPP field limits the availability of HPP experts. The court infers from the novelty a need to draw on experts from other, though related, disciplines.

At the end of the day, the court anticipates a relatively modest role for the Proposed Expert because, as Mr. Ludwick's counsel made clear during the hearing on the cross-motions for summary judgment, there is no dispute that the HPP machine at issue in this case failed to conform to the parties' agreement. The main issue in this case -- no longer a breach of contract case -- is Mr. Ludwick's state of mind and whether he misrepresented himself, his companies, and the material facts involved in developing and delivering the machine that the Plaintiff engaged him to provide. The court assumes that it will be called upon to evaluate some technical testimony and documents touching on the truth of the representations that Mr. Ludwick and his associates made to the Plaintiff in connection with the HPP machine. The Proposed Expert may also address the merits of Mr. Ludwick's defense, for example, that the Plaintiff interfered with the development of the machine and has itself to blame for any malfunction, rather than any misrepresentations attributable to Mr. Ludwick. The court believes that at least some technical information provided by the Proposed Expert will have some tendency to make a fact of consequence to this § 523 action more or less probable.

The Proposed Expert's testing and re-testing of each hypothesis (as reported in the declaration) is the staple of scientific method, even if his assistance in this matter will not be, strictly speaking, scientific. His testimony will nevertheless be "technical" and "specialized," which, as long as it appears sufficiently helpful, is enough after *Kuhmo Tire* to persuade this gatekeeper to admit it. In other words, the court is willing to say, based on the present record, that the Proposed Expert's testimony and Report may assist the court at trial.

Finally, in reaching this decision, the court notes that much of the criticism of the Proposed Expert that Mr. Ludwick levels in his Motion will affect the weight of the future testimony, not the admissibility. The court, of course, will consider the Proposed Expert's supposed bias and general credibility at trial. Today, the court is simply predicting that the Proposed Expert's testimony and Report will assist in resolving this dispute, which is all that is required at this stage of the proceeding.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 70) is DENIED and the Plaintiff may offer the Proposed Expert's testimony and Report at trial, subject to cross-examination and objection in particular respects, as warranted.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Nicole L. McMillan, Esq., Michelle Elise Vocht, Esq., Dayna J. Christian, Esq., and John T. Piggins, Esq.

END OF ORDER

**IT IS SO ORDERED.**

**Dated September 11, 2019**



Scott W. Dales
United States Bankruptcy Judge