UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

GERALD R. LUDWICK,

        Debtor.

_____/

MORASCH MEATS, INC.,

        Plaintiff,

v.

GERALD R. LUDWICK,

        Defendant.

_____/

Case No. DK 18-02714
Hon. Scott W. Dales
Chapter 7


Adversary Pro. No. 18-80137


MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                   Chief United States Bankruptcy Judge


As discussed during the final pretrial conference on November 19, 2019 and mentioned in the resulting Pretrial Order (ECF No. 86), defendant Gerald R. Ludwick (the "Defendant") filed a motion for an order compelling plaintiff Morasch Meats, Inc. (the "Plaintiff") to produce copies of two deposition transcripts that the Defendant contends he cannot afford to purchase from the private court reporter (the "Motion," ECF No. 87).  Plaintiff timely filed its response to the Motion, as contemplated in the Pretrial Order.

The Defendant's counsel candidly concedes that she "could find no cases directly on point" and that the request is "unusual."  *See* Motion at p. 3.  In the absence of case law to support the position, Defendant falls back on the court's equitable powers and Fed. R. Civ. P. 26(c)(1)(B), which authorizes the court to allocate the expense of discovery.

During the final pretrial conference, the court expressed concerns about its authority to order a party to share transcripts in a way that undercuts the stenographer's right to charge a reasonable fee for creating them. *See* Fed. R. Civ. P. 30(f)(3) ("*When paid reasonable charges*, the officer must furnish a copy of the transcript or recording to any party or the deponent") (emphasis added). Nothing in the Motion assuages these concerns.

The Defendant's proposal is not entirely clear from the Motion. On the one hand, the Motion requests "delivery of copies of the transcripts of Eric Lockovitch and Adrian Staruszkiewicz currently in Plaintiff's possession." *See* Motion at p. 1. This would suggest a simple copying of the original transcripts that Plaintiff has already purchased, depriving the court reporter of the price of the copies. On the other hand, contrary to the Motion's opening line, the Motion also states that "no one is suggesting that the court reporters be stiffed." *Id*. at p. 5. In either case, the court is not persuaded to grant the relief.

Coming up short on authority, the Defendant "asks that [the Motion] be considered a motion for reallocation of a discovery expenses [sic] under Fed. R. Civ. Pro. 26(c)(1)(B)." *See* Motion at p. 1. To the extent premised on delivery of transcripts "currently in Plaintiff's possession," the court rejects the request because the "reallocation" will be borne by the stenographer, not another party to the proceeding. This is not the sort of "reallocation" that the rules permit.

Similarly, the court rejects the Defendant's reliance on Fed. R. Civ. P. 32. Rather than supporting Defendant's Motion, the citation to Fed. R. Civ. P. 32(c) undermines it: the drafters of the rules decided that a transcript must be provided, without charge, when a party-proponent uses it at a trial or hearing in lieu of testimony. The rules of evidence, as a matter of fairness, provide similar protection when prior statements, often from deposition transcripts, are used *during trial*.

*See, e.g.*, Fed. R. Evid. 612(b) and 613. The drafters evidently identified specific trial-related instances in which they would authorize the sharing of a transcript without providing for "reasonable charges" to the person who created it, presumably concluding that the use of a transcript at trial is sufficiently vital to fundamental fairness to require production without payment, but use of a transcript to prepare for trial is not.

For court appointed stenographers, the federal judiciary protects their work product by permitting them to charge one fee for a first-ordered or original transcript, and a lesser fee for copies. *See generally* 28 U.S.C. § 753; Guide to Judiciary Policy, Vol. 6, Ch. 5, § 530; https://www.uscourts.gov/services-forms/federal-court-reporting-program#rates (table of transcript fees). Without a more robust argument from the Defendant, the court is not inclined to treat the work product of private court reporters with less respect.

If the Defendant is asking the court to require Plaintiff to bear the Defendant's transcript expense, the American Rule would foreclose that, absent more compelling authority than the Motion presents.[1]

To the extent the Defendant is asking the court to compel the Plaintiff to pay the court reporter to provide copies of the transcripts to the Defendant, subject to post-trial allocation under 28 U.S.C. § 1920, he has offered no persuasive argument or authority for that, either. Although 28 U.S.C. § 1920 does provide for taxing costs (including transcript costs) to the losing party at the end of litigation, the court does not read the statute as authority for requiring one party to advance or finance the litigation expenses of another, *pendente lite*.

---

[1] For better or worse the American Rule, applicable in bankruptcy and other federal proceedings, presumes that each party will bear its own litigation expenses. Departures from the rule require specific authority. *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015); *see also Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975) (cited approvingly in *ASARCO* and applying the American Rule not only to attorney's fees but also other costs of litigation).

Moreover, the suggestion that the court could eventually compel the Defendant to repay the Plaintiff under § 1920 if the Plaintiff prevails in this litigation seems particularly hollow when the Motion itself is premised on the Defendant's inability to pay for the transcripts in the first place.  If he cannot pay the costs now, it seems unlikely that he will be in a better position to pay in the spring, at the conclusion of this proceeding.

For the foregoing reasons, the court will deny the Motion.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 87) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Nicole L. McMillan, Esq., Michelle Elise Vocht, Esq., Dayna J. Christian, Esq., and John T. Piggins, Esq.

END OF ORDER

**IT IS SO ORDERED.**

**Dated December 18, 2019**



_____
Scott W. Dales
United States Bankruptcy Judge